UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATRICE NELSON, Individually and as
Next Friend for S.N., Her Minor Child,

    Plaintiff,

v.

RIVERVIEW ESTATES
HOMEOWNERS ASSOCIATION,
a Michigan nonprofit corporation,
PHILIP J. BREININGER,
and ANDREW J. CHMIEL,

    Defendants.
_____/

Case No.

Hon.

**JURY TRIAL
DEMANDED**

Mira Edmonds (P86182)
PEDIATRIC ADVOCACY CLINIC
University of Michigan Law School
701 S. State Street
Ann Arbor, MI 48109
(734) 647-1964

## VERIFIED COMPLAINT

## INTRODUCTORY STATEMENT

    1.    Plaintiff Latrice Nelson, Individually and as Next Friend for her minor child, S.N., brings this fair housing case against the Riverview Estates Homeowners Association ("Riverview Estates HOA"), its President, Philip J. Breininger, and its Director, Andrew J. Chmiel, because they refused to accommodate S.N.'s disability, thereby denying him equal enjoyment of the

1

family's property, which is controlled by the bylaws of the Riverview HOA. Ms. Nelson, individually and as next friend for S.N., seeks relief under the Fair Housing Act of 1988 ("FHA"), 42 U.S.C. § 3601 *et seq.* and Michigan's Persons with Disabilities Civil Rights Act, Mich. Comp. Laws § 37.1101 *et seq.* ("PWDCRA").

2. Latrice Nelson is the mother of S.N., who is fifteen years old. S.N. is diagnosed with spastic quadriplegia, Cerebral Palsy, neuromuscular scoliosis, and hip dysplasia and is therefore handicapped within the meaning of the FHA and PWDCRA.

3. Ms. Nelson bring this action for injunctive relief and damages based on Defendants' deliberate and purposeful deprivation of S.N.'s rights under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, and Michigan's Persons with Disabilities Civil Rights Act, Mich. Comp. Laws § 37.1101 *et seq.*

## JURISDICTION AND VENUE

4. This Court has jurisdiction because the cause of action arises under the Fair Housing Act, 42 U.S.C. §§ 3601-3619.

5. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 because this action raises a federal question arising under the laws of the United States.

6. This Court has supplemental jurisdiction over Ms. Nelson's PWDCRA claim pursuant to 28 U.S.C. § 1367.

7.      Additionally, this complaint is timely. The incidents relating to this litigation began in October 2023 and continue through the present, thereby falling within the two-year statute of limitations under the Fair Housing Act. 42 U.S.C. § 3613. The incidents also occur within the three-year statute of limitations for the Michigan Persons with Disabilities Civil Rights Act. Mich. Comp. Laws § 600.5805(2).

8.      Venue is appropriate under 28 U.S.C. § 1391(b) because all events giving rise to this action occurred in this District and the property that is the subject of this action is located in this District.

## PARTIES

9.      Plaintiff Latrice Nelson is a natural person and resident of Riverview Estates subdivision in Sterling Heights, Michigan. She brings this action in her individual capacity and as next friend for her son, S.N., aged fifteen years.

10.     Defendant Riverview Estates Homeowners Association (hereinafter "Riverview Estates HOA") is a non-profit corporation that is organized under the state laws of Michigan. Its resident agent is Philip J. Breininger and its principal corporate headquarters is located at 4979 Maceri Circle, Sterling Heights, Michigan, 48314.

11. Defendant Philip J. Breininger is a natural person and resident of Sterling Heights, Michigan, and serves as Resident Agent and President of the Riverview Estates HOA.

12. Defendant Andrew James Chmiel is a natural person and resident of Sterling Heights, Michigan, and serves as Director of the Riverview Estates HOA.

## STATEMENT OF FACTS

13. Latrice Nelson is the mother of S.N., age fifteen years, who is diagnosed with spastic quadriplegia, cerebral palsy, neuromuscular scoliosis, and hip dysplasia.

14. S.N.'s physical impairments prevent him from moving his muscles independently and cause him considerable physical discomfort and pain.

15. S.N. is non-ambulatory and non-weight bearing. He is dependent upon others to perform nearly all his activities of daily living ("ADLs").

16. S.N.'s physical impairments substantially limit his major life activities. S.N. is therefore handicapped within the meaning of the Fair Housing Act of 1988 ("FHA"), 42 U.S.C. § 3601 *et seq.* and Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA"), Mich. Comp. Laws § 37.1101 *et seq*.

17. Defendants have been informed of and have actual knowledge of S.N.'s disabilities.

4

18. S.N.'s physical medicine and rehabilitation physician prescribed a pool for S.N. to engage in aquatic therapy to treat his conditions, as it is otherwise very difficult for S.N. to build muscle or exercise. Exhibit A, Letter from Partners for Children.

19. Regular access to a pool in his backyard for aquatic therapy would allow S.N. to independently move his muscles and provide relief from the pain and tension in his muscles and joints.

20. S.N. currently receives Botox injections for his muscles. Regular aquatic therapy would lessen the need for such injections over time.

21. S.N.'s medical team specifically noted the requirement that the pool be half-sunken, partially above ground and partially in ground. S.N. is non-weight bearing and at 77 pounds and 4 feet 9 inches, he would require a two-person transfer in and out of the pool. A half-sunken pool is necessary for S.N.'s caretakers to utilize the pool's walls for leverage to safely transfer him in and out of the pool.

22. Lifting S.N. out of any other type of pool, including a fully in-ground pool, would present a physical risk to both S.N. and his caregivers. Id.

23. S.N. cannot use and enjoy an in-ground pool due to his complex medical conditions and physical limitations.

24. Based on the advice and recommendation of S.N.'s physician, and to assist her disabled child with his specific needs and disabilities, Ms. Nelson worked with a contractor in October 2023 to develop a plan for a half-sunken pool on the property that the family owns and resides in at 5045 Maceri Circle, Sterling Heights, Michigan. Ms. Nelson submitted the plans to the City of Sterling Heights Building Department, which approved the plan subject to field inspection and provision of the manufacturer brochure showing the height of the pool.

25. Ms. Nelson's proposed plan would place the half-sunken pool in the family's backyard. The pool would only be visible to the Nelson family and the neighbors living directly behind them. These neighbors are in a different subdivision and have an above-ground pool installed on their property.

26. As the Nelson home is situated within the Riverview Estates Subdivision, the property is subject to the terms and conditions of the Declaration of Restrictions for Riverview Estates Subdivision (hereinafter "HOA Bylaws").

27. The HOA Bylaws provide that "No swimming pool may be built other than an in-ground pool."

28. On October 4, 2023, S.N.'s Conservator, on behalf of S.N. and Ms. Nelson, sent an email to Riverview Estates HOA President, Philip J. Breininger, requesting permission to install a half-sunken pool in accordance with the plan conditionally approved by the City. The Conservator noted that the pool was

selected "due to the physical needs of an individual with multiple disabilities" and "the half sunk pool was selected by all parties involved in care."

29. In an email on October 10, 2023, S.N.'s Conservator offered to send a letter from S.N.'s medical team articulating the medical necessity of the half-sunken pool for S.N.

30. On October 13, 2023, Defendant Breininger, acting on behalf of Defendant Riverview Estates HOA, denied the request to allow the installation of a half-sunken pool on the property. Mr. Breininger stated in an email that "regardless of the circumstances . . . [n]o swimming pool may be built other than an in-ground pool."

31. Mr. Breininger gave no other justification for refusing to approve the accommodation apart from the Bylaws, nor any explanation as to why he believed the requested accommodation was not reasonable.

32. There is no indication that any of the Nelsons' neighbors or other residents within the subdivision have any objection to the installation of the half-sunken pool on the Nelson property.

33. Mr. Breininger ignored all attempts by Ms. Nelson and her advocates at further communication, including several requests that a board meeting be held to discuss the requested accommodation.

34. On March 27, 2024, Ms. Nelson, through her retained counsel, sent a renewed request for accommodation to Defendants, with a copy of the letter from S.N.'s medical team attached.

35. On April 5, 2024, Mr. Breininger, on behalf of the Riverview Estates HOA, responded in an email, in which he offered to meet at the property to "review alternatives to the existing plan."

36. On April 10, 2024, Ms. Nelson's counsel responded by email, offering to set up a phone or Zoom call to discuss the matter, as a visit to the property was deemed unnecessary to discuss the requested accommodation. Mr. Breininger has never responded to that email.

37. The continued lack of response and unjustifiable delay constitute a second denial by Defendants of Ms. Nelson's reasonable accommodation request.

38. As such, on April 19, 2024, Ms. Nelson, through counsel, filed an administrative complaint with the United States Department of Housing and Urban Development alleging violations of the Fair Housing Act.

39. On the same date, Ms. Nelson's counsel informed Defendant Breininger about the filed HUD complaint and reaffirmed a willingness to meet to resolve the matter amicably.

40. Ms. Nelson's counsel sent an additional follow-up email on June 28, 2024, which was likewise ignored.

41.  As of the date of the filing of this Complaint, neither Defendants Breininger and Chmiel, nor anyone else on behalf of Defendant Riverview Estates HOA, has responded to these multiple attempts to discuss the requested accommodation.

42.  Without the approval of Riverview Estates HOA, the City will not issue a final permit approving the proposed pool installation. The City has informed Ms. Nelson that the question of a reasonable accommodation to the Bylaws is between her and the Riverview Estates HOA.

43.  Defendants' failure to provide the requested reasonable accommodation is discriminatory and unlawful.

44.  As a consequence of Defendants' unlawful actions, Ms. Nelson has been deprived of a reasonable accommodation to the Bylaws based on her son's handicap and disability. S.N. has been deprived of the ability to use the family property as a non-disabled person would.

45.  As a consequence of Defendants' unlawful actions, S.N. and his family have suffered and continue to suffer irreparable harm.

## COUNT I

**Violation of the FHA**
**Denial of A Reasonable Accommodation Due to Disability Status**
**(42 U.S.C. § 3604(F)(3)(A))**

9

46. Plaintiff realleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

47. Under the Fair Housing Act, it is unlawful discrimination to deny a person with a disability "reasonable accommodations in rules, policies, practices, or services, where such accommodations may be necessary to afford . . . equal opportunity to use and enjoy" the premises. 42 U.S.C. § 3604(f)(2)(A).

48. S.N. is an individual with a disability under the Fair Housing Act, 42 U.S.C. § 3602(d) and (h), and has suffered damages as a result of Defendants' discriminatory conduct.

49. The Nelson's property constitutes a "dwelling" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

50. Defendants violated S.N.'s rights under the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, by denying Ms. Nelson's request for a reasonable accommodation that is necessary to afford "equal opportunity to use and enjoy a dwelling."

51. By blocking the installation of the half-sunken pool on the Nelson family property, Defendants have also prevented S.N. from accessing aquatic therapy that would ameliorate some of the symptoms of his multiple disabilities, causing harm to S.N. and Ms. Nelson.

## COUNT II

**<u>Violation of the Michigan's Persons with Disabilities Civil Rights Act (PWDCRA)
(Mich. Comp. Laws § 37.1502)</u>**

52. Plaintiff realleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

53. Pursuant to PWDCRA, Mich. Comp. Laws § 37.1506(a), it is unlawful to "[r]efuse to make reasonable accommodations in rules, policies, practices, or services, when the accommodations may be necessary to afford the person with a disability equal opportunity to use and enjoy residential real property."

54. S.N. is an individual with a disability under PWDCRA, Mich. Comp. Laws § 38.1103(h) and has suffered harm as a result of Defendant's discriminatory conduct.

55. Defendants violated S.N.'s rights under the PWDCRA, M.C.L § 37.2506(a), by denying Ms. Nelson's request for a reasonable accommodation that is necessary to afford "equal opportunity to use and enjoy residential real property."

## REQUEST FOR RELIEF

WHEREFORE, Ms. Nelson respectfully requests that the Court grant the following relief:

(a) Enter a declaratory judgment that Defendants' denial of a reasonable and necessary accommodation to the Bylaws to install a half-sunken pool constitutes a violation of the Fair Housing Act and the Persons with Disabilities Civil Rights Act.

(b) Enter a permanent injunction ordering Defendants to grant Ms. Nelson's request for accommodation on behalf of her son, S.N., to install a half-sunken pool at their house.

(c) Award actual and compensatory damages to compensate Ms. Nelson, individually and on behalf of her son, S.N., for economic losses and damages, and noneconomic injuries, such as emotional distress, loss of civil rights, pain and suffering, and humiliation and embarrassment caused by the disability discrimination of Defendants, in an amount to be proven at trial;

(d) Grant Ms. Nelson an award of punitive damages as a result of Defendants' deliberate, intentional, overt, willful, and flagrant disability discrimination, in an amount that reflects the dual purposes of punishment and deterrence under 42 U.S.C. §3613(c)(1);

(e) Grant Ms. Nelson attorney's fees, costs, and interest incurred in bringing this action under 42 U.S.C. § 3613(c)(2) and Mich. Comp. Laws § 37.1606(3);

(f) Grant Ms. Nelson pre-judgment and post-judgment interest on all awards rendered against Defendants;

(g) Grant such other and additional relief as this Court may deem just and appropriate under the circumstances of the case.

Respectfully,

/s/ Mira Edmonds
Mira Edmonds (P86182)
PEDIATRIC ADVOCACY CLINIC
University of Michigan Law School
701 S. State Street
Ann Arbor, MI 48109
(734) 647-1964
edmondm@umich.edu

Counsel for Plaintiff

Dated: July 12, 2024

## Verification

I, Latrice Nelson, verify, under the penalty of perjury, that the foregoing is true and correct. Executed on July 12, 2024.

_____
Latrice Nelson

## JURY DEMAND

Plaintiff Latrice Nelson, through her counsel, hereby demands a trial by jury in this action of all issues so triable.

                        Respectfully,

                        /s/ Mira Edmonds
                        Mira Edmonds (P86182)
                        PEDIATRIC ADVOCACY CLINIC
                        University of Michigan Law School
                        701 S. State Street
                        Ann Arbor, MI 48109
                        (734) 647-1964
                        edmondm@umich.edu

                        Counsel for Plaintiff

Dated: July 12, 2024